UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 12-00096-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MOROCCO SHAMARLOS PORTER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 55) filed by Morocco Shamarlos Porter ("Porter"). Also before the Court is Porter's Motion for Voluntary Dismissal (Record Document 59) of his § 2255 Motion. In his § 2255 Motion, Porter seeks to have his sentence corrected on the grounds that the Court erred in calculating his sentencing range under the United States Sentencing Commission Guidelines ("U.S.S.C.G."), that he received ineffective assistance of counsel, and that counsel for the Government violated 18 U.S.C. § 1918, which in turn violated his Fourth Amendment rights. See Record Document 55. The Government responded to Porter's § 2255 Motion. See Record Document 58.

The statute of limitations for filing a motion to correct a sentence under § 2255 is one year. See 28 U.S.C. § 2255(f). This limitation period runs from the latest of the following four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Porter's conviction became final on October 21, 2013, when the United States Supreme Court denied Porter's petition for writ of certiorari. See Porter v. United States, 134 S. Ct. 494 (2013). Thus, his § 2255 Motion is untimely and must be denied unless it is timely under one of the other methods of measuring the timeliness of such a motion.

The only other method of calculating the timeliness of Porter's Motion that might apply is the method related to the recognition of a new right by the Supreme Court. See 28 U.S.C. § 2255(f)(3). In his Motion, Porter argues that his sentence was incorrectly calculated in this Court under the Supreme Court's decision in Molina-Martinez v. United States, 136 S. Ct. 1338 (2016). Thus, if Molina-Martinez created a new right, then his Motion is timely and the Court may consider its merits.

However, "Molina-Martinez does not recognize a new right." United States v. Hoyt, 2016 U.S. Dist. LEXIS 95315 at *3 (W.D. Va. 2016). Molina-Martinez held that Courts reviewing alleged errors in the calculation of the correct sentencing range under the U.S.S.C.G. cannot apply a categorical rule requiring "additional evidence" to overturn the sentence where a district court has applied an incorrect sentencing range but ultimately sentences the defendant within the correct range. 136 S. Ct. at 1345. This holding is rather narrow, and relates to the review of a guidelines calculation on appeal. See id. It cannot be said that this narrow decision

relating to the review of a sentencing guidelines calculation on appeal is the type of decision that "recognizes a new right" that this Court can apply retroactively in a habeas corpus petition like the instant Motion. 28 U. S. C. § 2255(f)(3); see Panetti v. Stephens, 727 F.3d 398, 413-414 (5th Cir. 2013) (stating that a court can only apply a new rule of law retroactively in habeas cases under limited circumstances inapplicable in the instant case).

Because Molina-Martinez did not recognize a new right, the timeliness of Porter's § 2255 Motion cannot be measured from the date of the Supreme Court's decision in that case, April 20, 2016. 136 S. Ct. at 1338. Instead, it must be measured from October 21, 2013, the date on which Porter's conviction became final. See 28 U. S. C. § 2255(f)(2); see Porter, 134 S. Ct. at 494. Porter's § 2255 Motion is therefore untimely under the statute of limitations applicable for such motions.

Porter's Motion for Voluntary Dismissal of his § 2255 Motion states that "in light of recent judicial precedent, petitioner realizes that his § 2255 motion is premature . . . [and] this proceeding would cause the Court and government unnecessary and unjustified burdens if the motion were to remain on the docket until adjudicated." Record Document 59. As the Court has already determined, Porter's § 2255 Motion is too late, not premature. The Government has already responded to the § 2255 Motion itself. See Record Document 58. Contrary to Porter's contentions, deciding the § 2255 Motion itself serves the interest of judicial economy.

Accordingly, **IT IS ORDERED** that Porter's § 2255 Motion to Vacate, Set Aside, or Correct his sentence be and is hereby **DENIED**. Porter's Motion for Voluntary Dismissal of his § 2255 Motion is hereby **DENIED AS MOOT**.

Pursuant to Rule 11(a) of the Rules Governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section § 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this the 4th day of October, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE